(No. 35705.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEWIS H. DOYLE, Plaintiff in Error.

*Opinion filed September 29, 1960.—Rehearing denied October 27, 1960.*

GIFFIN, WINNING, LINDNER & NEWKIRK, of Springfield, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and JOHN J. HOBAN, State's Attorney, of Belleville, (FRED G. LEACH, and JIM D. KEEHNER, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, Lewis H. Doyle, was indicted by the grand jury of St. Clair County, on April 25, 1957, on the charge of taking immoral, improper, and indecent liberties with a certain female child under the age of 15 years. On April 30, 1957, the defendant, in open court, was furnished with a copy of the indictment and a list of witnesses and jurors, and was advised of his right to be defended by counsel. Defendant then pleaded not guilty.

On May 13, 1957, the cause was continued on defendant's motion, and again on July 15, 1957, the defendant moved for a continuance on the grounds that his wife was then in California to have a baby and could not be present, and that defendant's father had suffered a heart attack. The court denied the motion, finding that the mere presence of defendant's wife was not material to his defense and that his father was in the courtroom. On this day defendant was represented by counsel of his own choice. The case was called for trial, defendant being present in open court, jurors were called, sworn and examined on *voir dire,* and a jury selected.

On July 16, 1957, defendant's counsel advised the court that defendant wished to change his plea from not guilty to guilty. The court then inquired of defendant if that was true and was informed by the defendant that he did so wish to plead. The court then admonished defendant that he had a right to stand on his plea of not guilty, to be

tried by twelve jurors who had been impaneled, that he could not be sentenced under the indictment until tried and found guilty by those twelve jurors; that he had a right to be represented by counsel, to face his accusers, to testify in his own behalf and to give himself a defense. The court also informed him that if he persisted in his plea of guilty it would be the duty of the court to sentence him to the State penitentiary for a term of years not less than one nor more than twenty, with the court setting a minimum and a maximum term.

Defendant affirmed that his attorney had explained his constitutional rights, and still persisted in his plea of guilty. The court then ascertained that defendant was 27 years old, accepted the plea of guilty to the charge of indecent liberties, and sentenced the defendant to the State penitentiary for a term of not less than two nor more than ten years.

Defendant prosecutes his writ of error to this court, contending that the trial court, in accepting defendant's plea of guilty, failed to comply with our Rule 26(3), (Ill. Rev. Stat., 1957, chap. 110, par. 101.26(3),) in that it permitted the plea to be entered without finding, from proceedings had in open court, that defendant understood the nature of the charge against him.

Our Rule 26(3) requires, among other things, that: "The court shall not permit a plea of guilty * * * by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from proceedings had in open court at the time waiver is sought to be made or plea of guilty entered, or both, as the case may be, that the accused * * * understands the nature of the charge against him, * * * The inquiries of the court, and the answers of the accused to determine whether he understands his rights to be indicted by a grand jury and to be represented by counsel and comprehends the nature of the crime with which he

is charged and the punishment thereof fixed by law, shall be taken and transcribed and filed in the case. The transcript, when filed, becomes a part of the common law record in the case."

Defendant asserts that the first time the words "indecent liberties" were heard by him, were when the court pronounced sentence. An examination of the record discloses that the name or nature of the offense was not mentioned by the court upon admonition to the defendant prior to acceptance of the plea of guilty and sentencing.

However, the record does show that on April 30, 1957, the defendant was furnished with a copy of the indictment which sets forth only one charge, that being that defendant on the eleventh day of February, 1957, at and within the county of St. Clair, in the State of Illinois, "did unlawfully and feloniously take immoral, improper and indecent liberties with," a named person, "a female child then and there under the age of fifteen years with the intent of arousing, appealing to or gratifying the lust, passions or carnal desires of the said Lewis H. Doyle."

The language of the indictment is clear and easily understandable. The defendant had the benefit of able counsel of his own choice, whom he said explained his constitutional rights to him. The defendant was 27 years old, and does not appear to have been under any disability.

On July 15 the defendant was in open court with his counsel, while a jury was sworn on *voir dire*, examined, selected and sworn to try this defendant. This jury could not possibly be impaneled without having been informed of the nature of the charge against this defendant. Obviously, defendant could not have failed to know the nature of the charge against him. This the court well knew, as the same judge presided in both instances.

We held in *People* v. *Domico*, 15 Ill.2d 590, that all the requirements of our Rule relating to the acceptance of a plea of guilty must be carefully complied with, but the

remarks and advice of the court must be read in a practical and realistic manner. The essentials have been complied with if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule.

Reasonably and realistically viewed, the record indicates that defendant was informed of and understood the nature of the charge against him. He could not have failed to have been so apprised. All other requirements of our Rule are clearly complied with, and no other objection is raised as error. The plea of guilty was understandingly made by defendant, and properly accepted by the court.

The judgment of the circuit court of St. Clair County is, therefore, affirmed.

*Judgment affirmed.*