THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEROY BILLOPS, Defendant-Appellant.

(No. 72-315;

Fifth District—January 31, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (William H. Wilson, Senior Law Student, of counsel), for appellant.

Robert H. Rice, State's Attorney, of Belleville (Philip G. Feder, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant was convicted of robbery in the Circuit Court of St. Clair County and received a sentence of not less than two nor more than four years. His conviction and sentence was based upon his negotiated plea of guilty after a reduction of the charge from armed robbery for which he was indicted.

Upon petition we previously summarily reduced the minimum sentence to one year and four months to comply with the new Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, sec. 1001—1—1 et seq.).

In this appeal defendant contends that the trial court failed to comply

with those portions of Supreme Court Rule 402 (Ill. Rev. Stat., ch. 110A, sec. 402) requiring substantial compliance with the following:

"(a) *Admonitions to Defendant.* The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge.

\* \* \*

(c) *Determining Factual Basis for Plea.* The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."

■■ For purposes of this opinion we believe it well to note that said sections (a) and (c) cover separate and distinct subjects requiring entirely different duties of the trial court. Section (a)(1) requires that it personally address the defendant and inform him of the charge, and, though not involved in this case, the court is also required in subsequently numbered sub-paragraphs to inform the defendant of the minimum and maximum sentences possible to be imposed, that he has a right to plead not guilty and to persist in that plea, and that he has a right to a jury trial. The purpose of these admonitions is to assure that the defendant fully understands what he is pleading to, what rights he is waiving by so pleading, and what the results of his action might be. It is defendant's *understanding* that is the crux of this section. (*People v. Hudson,* 7 Ill.App.3d 800.) In effect, unless it can be said that defendant's decision to plead guilty was an informed decision it cannot be said to be voluntary.

Section (c) has no relation to defendant's understanding either of the charge against him, his possible sentence, or the rights given up by reason of his plea. Rather, the purpose of this section is to require that the trial court make a determination that the acts alleged to have been committed by the defendant constitute the offense to which defendant is pleading guilty, and further, that the court make a record of the basis upon which he reached his conclusion. (*People v. Hudson,* 7 Ill.App.3d 800.) The crux of this section is a determination by the trial court that the facts fit the crime charged to prevent the possibility of defendant pleading guilty to a crime beyond the confines of his acts.

We shall consider first the contention that the trial court did not determine a factual basis for the plea in violation of section (c) of the rule. In *People v. Hudson,* 7 Ill.App.3d 800, we held that all that is required to appear on the record is a basis upon which the judge could reasonably reach the conclusion that there is a connection between defendant's acts and the intent with which he acted *and* the acts and in-

tention (if any) required to constitute the offense to which the defendant is pleading guilty. Also, it was stated that a factual basis may be demonstrated in a number of ways: (1) by having the defendant state what he did, (2) by having the prosecuting attorney summarize the testimony expected to be introduced at the trial, (3) by having the facts stated by witnesses, or (4) by examination of a pre-sentence report.

In the case before us the court chose to have the prosecuting attorney summarize the facts. In answer to the court's question as to what the factual situation was and what the State was prepared to prove, the State's Attorney responded as follows:

"Your Honor, on February 24, 1972, at about 2:50 P.M. Leroy Billops and John Freeman and Clifton Bean participated in a robbery of the Star Cleaners 4801 Bond, in East St. Louis, and at that time John Freeman and Clifton Bean went into the cleaners and took money from Angela Tourijigian, and then Mr. Leroy Billops drove the car in the getaway, and they were apprehended by five IBI agents who had had this particular car under surveillance, and had watched the whole transaction, the robbery."

The court then asked defendant's counsel if this factual situation was substantially correct as he knew it and the attorney replied, "Substantially, yes."

■■ Under the reasoning of *Hudson* we find that such summary of of the facts constituted a sufficient basis upon which the trial court could reasonably have reached the conclusion that the acts alleged to have been committed by defendant constitute the offense to which he was pleading guilty, including his accountability as a driver of the getaway car. We also find, that, contrary to the contention of defendant, it was not necessary for the court personally to address the defendant, in establishing the factual basis for the plea. Such requirement applies only to section (a) of the rule, wherein defendant's understanding ·is the paramount issue, and not to section (c) where only the judge's knowledge of the facts, and his conclusions thereon, are at issue. *People v. Green,* 12 Ill.App.3d 418.

Next we consider defendant's contention that the court failed to inform defendant of the nature of the charge as required by section (a)(1). Defendant argues that the court made no effort to determine that the defendant understood the nature of the charge, and that the only mention of the charge in the admonitions was by its name. The State concedes that the court did not address the defendant personally in explanation of the charge, but argues that defendant fully understood its nature because he had previously been furnished with a copy of the indictment and a bill of particulars, and, in addition, he had been pres-

ent and he had heard the State's Attorney recite the facts upon which the charge was based.

We are aware that other appellate courts in this State have held that a mere reference to the name of the crime charged is sufficient to apprise a defendant of its nature, particularly when he has been furnished with a copy of an indictment spelling out the charge. (*People v. Tennyson*, 9 Ill.App.3d 329; *People v. Wintersmith*, 9 Ill.App.3d 327; *People v. Carter*, 107 Ill.App.2d 474.) Also, it has been held that even where an admonition has not referred to the name of the charge, it nonetheless has been held sufficient on the theory that the nature of the offense was contained in the indictment previously furnished defendant and also was further explained to defendant in extensive conversations with counsel. *People v. Williams*, 133 Ill.App.2d 214.

■■ However, in this court we have adopted a more strict interpretation of the rule. In *People v. Ingeneri*, 7 Ill.App.3d 809, 811, we stated:

"Rule 402(a)(1) requires the trial court to do more than just inform the defendant of the charge; it also requires the trial court to inform the defendant of the 'nature' of the charge. Since a guilty plea is an 'admission of all the *elements* of a formal criminal charge' and 'cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts' (*McCarthy v. United States*, 394 U.S. 459), we believe the trial court must inform the defendant of the essential elements of the crime of which he is charged. In some cases this can be done by a reading of the indictment to the defendant. But it should be pointed out that merely furnishing a copy of the indictment to the defendant would not be sufficient because Rule 402(a) specifically requires the trial court to address the defendant personally in open court."

In *People v. Hudson*, 7 Ill.App.3d 800, we held:

"* * * The nature of a charge consists of two parts: (1) The acts and intent (if any) required to constitute a violation of the provisions of the criminal code, and (2) the alleged acts and intent (if any) with which the alleged acts were committed which are attributed to the defendant in the particular case. These two parts should be explained by the judge to the defendant in open court in layman's terms. The judge should proceed no further until he is completely satisfied from the defendant's personal remarks in open court that he understands the explanation."

This view has recently been approved in a number of other cases. In *People v. Krantz*, 12 Ill.App.3d 38, it was held that merely to inquire if defendant understood the charge of forgery was insufficient even though

the defendant did make certain observations that might arguably be said to establish his understanding of the nature of the charge. In *People v. Bauswell,* 12 Ill.App.3d 35, the trial court stated it assumed that by now there was no question in the mind of defendant what the nature of an indecent liberties charge was, and then asked the defendant directly if he understood what he was accused of doing. Defendant's affirmative reply was held insufficient to establish his understanding and the reviewing court further commented that it was just such a problem as this that the rule was designed to obviate. In *People v. Green,* 12 Ill.App.3d 418, two armed robbery convictions were reversed for failure to comply with the rule even though the trial court mentioned in its admonishment that he assumed the defendants understood the nature of the charges because they had been furnished with copies of the indictment and even though their attorney specifically concurred in this assumption and stated that he had fully explained the charges to his clients.

■■ Recognizing this divergence of opinion among the appellate courts the State further pursues its argument and cites a number of Illinois Supreme Court cases which it believes to be controlling. However, we believe them to be distinguishable. First we go back to *McCarthy v. United States,* 394 U.S. 459, 22 L.Ed.2d 418, 89 S.Ct. 1166, upon which our decision in *Ingeneri* was based. Construing Rule 11 of the Federal Rule of Criminal Procedure the opinion states:

> "Prior to the 1966 amendment, however, not all district judges personally interrogated defendants before accepting their guilty pleas. With an awareness of the confusion over the Rule's requirements in this respect, the draftsmen amended it to add a provision 'expressly requir[ing] the court to address the defendant personally.' This clarification of the judge's responsibility quite obviously furthers both of the Rule's purposes. By personally interrogating the defendant, not only will the judge be better able to ascertain the pleas's voluntariness, but he also will develop a more complete record to support his determination in a subsequent post-conviction attack."

Subsequently, our Supreme Court, in *People v. Mims,* 42 Ill.2d 441, cites its approval of *McCarthy,* emphasizing the importance of personal inquiry of defendants to ascertain directly his understanding of the nature of the charge, and stating that the underlying reasons therefor are equally applicable to the Illinois rule. However, at that time the court was interpreting old Rule 401(b) which required that defendant be informed of the nature of the charge but did not contain the additional requirement that the court do so by personally addressing the defendant in open court. In our opinion it necessarily follows as it did in *McCarthy,*

that by subsequently adopting the present Rule 402(a)(1) and including therein the additional requirement, such change was intentional and thereafter became binding. If this is true, then *Mims* is not pertinent here. In any event it appears that *Mims* was finally decided, not on whether defendant had been informed of the nature of the charge, but on whether the court had determined a factual basis for the plea as indicated by its specific finding that "the prosecuting attorney's recital of the anticipated testimony of the witness clearly demonstrated that defendant's conduct fell within the charge to which he pleaded guilty."

Likewise, in *People v. Doyle*, 20 Ill.2d 163, the decision was based on old Supreme Court Rule 26(3) (Ill. Rev. Stat. 1957, ch. 110, par. 101.26(3)), and is not controlling here. *People v. Bowers*, 47 Ill.2d 585 would appear to be more difficult to distinguish since it was decided subsequent to the adoption of the present Rule 402. There defendant's guilty plea to robbery was accepted after a recital by the State's Attorney that a witness would testify that he said, "I want your money, I have a gun", and that defendant then grabbed $720 in cash from the counter and ran. The defendant contended that it was uncertain from these facts whether the crime committed was theft, burglary or robbery and that both the court and defendant's attorney were remiss in not perceiving the distinction between the crimes and in not determining that such facts did not constitute a factual basis for the charge of robbery. The reviewing court found that the transcript showed a proper inquiry and admonition of defendant, but the opinion does not set forth the inquiry or the admonition. It does specifically find, however, that there was a proper determination of the factual basis for the plea, stating that from the recited facts it was clear that the money was taken by force or by threatening imminent use of force and was sufficient to support the charge of robbery to which defendant pleaded guilty. It is our opinion that in view of defendant's argument and the court's specific finding, it was section (c) and not section (a)(1) towards which the decision was directed, and that, therefore, it is not controlling on the question as to whether the court is required to address the defendant personally in informing him of and determining that he understands the nature of the charge.

Finally, appellee cites our case of *People v. Krouse*, 7 Ill.App.3d 754, as indicating that a recital of the facts of a burglary charge by the State's Attorney in the presence of defendant is sufficient to comply with the rule. However, as distinguished from the case now before us, it must be noted that after the recitation of such facts, which we found to be a reasonably clear and hard-to-misunderstand statement of the nature of

the charge, the trial court then did address the defendant personally. He asked him specifically if such facts as stated by the State's Attorney were substantially true, to which the defendant replied, "Yes, sir." This we held to be a substantial compliance with section (a)(1) in that the court did by personal inquiry determine that the defendant understood the nature of the charge and there was no need for the court to reiterate a description of its nature which the defendant had just heard.

Based on the above analysis we can see no reason why we should not stand by our construction of Supreme Court Rule 402(a). Accordingly, we find that the failure here of the trial court to address the defendant personally, informing him of and determining that he understood the nature of the charge, constitutes a substantial deficiency in complying with the rule and is reversible error.

The judgment of the Circuit Court of St. Clair County is reversed and remanded with directions to permit defendant to plead anew.

Reversed and remanded with directions.

G. MORAN, P. J., and EBERSPACHER, J., concur.