THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MYRON FOX, Defendant-Appellant.

(No. 73-20; ▮▮▮▮▮▮▮▮▮▮)

Fifth District—May 29, 1974.

*Rehearing denied August 9, 1974.*

Robert E. Farrell and Michael J. Rosborough, both of Office of State Appellate Defender, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Donald J. Dahlmann, Assistant State's Attorney, of counsel), for the People.

PER CURIAM:

Defendant was indicted for rape and aggravated kidnapping in the circuit court of St. Clair County. He subsequently negotiated a plea, and, pursuant to the negotiations, entered a plea of guilty to attempted rape, was convicted and sentenced to serve not less than 3 nor more than 10 years in the penitentiary.

On appeal he asserts that the trial court failed to comply with the provisions of Supreme Court Rule 402. (Ill. Rev. Stat., ch. 110A, par. 402.) The record discloses that the trial court did not comply with Rule 402(a)(1) which requires that a defendant be informed of the nature

of the charge. (*People v. Ingeneri*, 7 Ill.App.3d 809, 288 N.E.2d 550; *People v. Billops*, 16 Ill.App.3d 892, 307 N.E.2d 206.) Such failure requires reversal and remandment.

In view of this result we deem it unnecessary to consider other contentions of noncompliance with the Rule, as well as appellant's motion for summary relief.

We therefore reverse and remand with directions to allow the appellant to plead anew if he so desires. (See *People v. Horne*, 21 Ill.App.3d 10.) In the event appellant chooses to not plead anew the judgment of the circuit court of St. Clair County shall be affirmed and reinstated.

Reversed and remanded with directions.

Mr. JUSTICE CARTER took no part in the consideration or decision of this case.