The People of the State of Illinois, Plaintiff-Appellee, *v.* Ricky Wilcoxen, Defendant-Appellant.

(No. 73-159;

Third District—November 12, 1974.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Robert A. Downs, State's Attorney, of Lewistown, for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

Sitting by assignment in the Third District Appellate Court, we consider the defendant's appeal from a sentence on a negotiated plea of guilty to attempted murder of a 3-year-old child (Lori). We likewise consider a conviction based on negotiated pleas of guilty on four charges involving a 5-year-old girl (Terri), a sister of Lori. The pleas are to two separate counts of attempted murder, a count charging rape and a count charging indecent liberties. As a result of the judgments entered on such pleas, three counts involving Lori and nine counts involving Terri were dismissed.

Concurrent sentences of 15 to 45 years in the Illinois State Penitentiary were imposed in each indictment. In this court, the defendant contends (1) that the conviction for attempted murder of Lori should be reversed and the cause remanded because the nature of the charge was never explained to him, (2) the convictions for rape and indecent liberties as to Terri should be reversed and remanded because no factual basis appears in the record to support these convictions, and (3) the convictions for one count of attempted murder and indecent liberties as to Terri should be reversed because the same conduct which constitutes a basis for one is the basis for the other.

The defendant and other guests had celebrated New Year's Eve at the defendant's brother-in-law's house. The guests departed about 2:45 A.M. The two little girls were asleep in separate bedrooms and their father, Raymond, was asleep in a third bedroom. The defendant's cousin, Clifford, was asleep on the couch in the living room. The defendant was last seen by Clifford sitting in a chair in the living room.

At about 6:45 A.M. Clifford was awakened by Lori's crying. He heard a noise which sounded like someone getting hit and also heard Lori saying, "Quit it, Rich," or "Rich, don't do it." Clifford went to Lori's bedroom in the basement of the house and found her dressed only in her pajama top and bleeding. Clifford awakened Lori's father and the two men then found Terri in her bedroom in the basement, badly beaten and nude. About this time the defendant entered the house from the outside dressed only in his undershorts and socks. An altercation occurred. The defendant was ejected from the home and arrested shortly thereafter in his own home, still clad in the undershorts and socks. Scientific evi-

dence revealed that the blood type of Terri was on the defendant's shorts, socks and pubic hair. Medical examination of the two children at the hospital revealed that they were both badly beaten. Lori suffered a fractured skull. A wooden slat from a baby crib approximately 20 centimeters in length had been inserted into Terri's vagina and had punctured the vagina wall and entered her abdomen. Pubic hair of defendant was on the stick.

The arraignment of this defendant on the charges involving each girl as well as the admonitions given before the acceptance of the plea were conducted simultaneously for the convenience of the court, and both the defendant and his counsel had no objections to this procedure. The court stated that if there were any such objections to such procedure, he would gladly admonish the defendant separately as to each of the charges relating to each of the girls. Neither objection to such procedure nor a request for separate admonitions was made in response to this offer.

As to Lori, the defendant contends that the trial court failed to comply with Supreme Court Rule 402(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(1)), which requires the court to inform the defendant of and determine that he understands the nature of the charge. The thrust of the defendant's arguments specifically is that since there was no explanation of the nature of the charge, there could be no understanding by him of the charge to which he pleaded. The record shows that the indictment for attempted murder was read to the defendant at the time of the arraignment as well as the other indictments involving Lori, and all 13 indictments involving Terri. This was done on the court's insistence notwithstanding the fact that the defendant waived such reading in his presence.

■■ We judge that the supreme court decision recently filed, *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559, *reversing* 12 Ill.App.3d 38, 297 N.E.2d 386, lays to rest much and perhaps all of the confusion existing in this State concerning the guidelines for proper admonitions under Supreme Court Rule 402. "We note first the rule requires that there need be only substantial, not literal, compliance with its provisions. (*People v. Mendoza*, 48 Ill.2d 371, 373-374.) Also, the entire record may be considered in determining whether or not there was an understanding by the accused of the nature of the charge. (*People v. Doyle*, 20 Ill.2d 163, 167; *People v. Harden*, 38 Ill.2d 559, 563, *aff'g People v. Harden*, 78 Ill.App.2d 431, 444-445." (58 Ill.2d 187, 192.) As stated in *Krantz*, " '[T]he remarks and advice of the court must be read in a practical and realistic manner. The essentials have beeen complied with if an ordinary person in the circumstances of the accused would understand them as conveying

the information required by the rule.' (*People v. Doyle*, 20 Ill.2d 163, 167; see also *People v. Caldwell*, 55 Ill.2d 152, 156.)" The indictments in this case were not couched in technical words.

■■ When this record is examined in its totality and where it shows that the defendant read the bill of particulars, and heard the indictments read in totality, it seems clear that the defendant clearly understood the nature of the charges against him. We think it abundantly clear that any reasonable person could readily understand the nature of the charges against him and such is a sufficient compliance with the rule. (*People v. Ingeneri*, 7 Ill.App.3d 809, 288 N.E.2d 550; *People v. Bell*, 4 Ill.App.3d 397, 280 N.E.2d 487.) In addition, we might point out that the court stated, "I want to be sure Ricky understands. * * * I just want to say to you I am going to go over the various counts which Mr. Sebo has said you want to plead guilty to subject to the negotiations which I understand you have had. If you don't understand something, you tell me. I will do everything needed to see if I can be sure you do understand." The court then said, "I think that the way to say it, Rick, simply is when you enter a plea of guilty you are in effect saying yes, on the said date, I did try to murder Terri Seward or I did try to murder Lori Seward; I did have intercourse with them. That is what you were saying to me. That is what you are charged with. Do you understand that, sir?" The defendant answered, "yes." We therefore judge that within the four corners of this record there is sufficient evidence to indicate that Supreme Court Rule 402 was adequately complied with, that the defendant understood the nature of the charge against him and the consequences of his plea as to attempted murder on each of the girls and as to the rape of Terri.

■■ The defendant likewise contends that the indecent liberties charge as to Terri cannot stand where the charges of rape and indecent liberties arise out of the same conduct and only one conviction can properly stand. (*People v. Brown*, 52 Ill.2d 94, 285 N.E.2d 1; *People v. Miller*, 7 Ill.App.3d 878, 289 N.E.2d 23.) If the indecent liberties arise as the result of the rape and as a result of the same act, indecent liberties is regarded as the lesser conviction and that conviction must be reversed. A like result obtains if the indecent liberties was the insertion of the stick.

The defendant pleaded guilty to attempted murder in inserting a wooden stick into Terri's vagina and likewise pleaded guilty to attempted murder in beating Terri with a blunt object. It does not appear to us that these two acts could possibly be said to arise out of the same act or to have the same motivation. In our view as a practical consideration of the problem, the insertion of the wooden stick is one act with one type of motivation, but with full knowledge that it would inflict great bodily in-

jury upon the victim. In like manner, striking Terri with a blunt instrument was a separate act done to inflict great bodily harm on her but with the purpose and motivation of silencing her to avoid identification. We do not therefore believe that we may properly charge these two separate acts, although closely related, as one single act or produced through the same motivation. They are separate acts on the same person, each, however, with separate motivation but likely to produce great bodily injury, if not death.

■■ Taken with the case was a motion by the defendant to add an additional issue to his brief and argument. The issue sought to be raised is that the court did not admonish the defendant that there was a mandatory special parole term involved in the sentences and therefore defendant was not fully advised of the consequences of his plea. This motion is predicated upon the opinion of our court in *People v. Wills*, 23 Ill.App.3d 25, and now on appeal to the Supreme Court through a certificate of importance granted on the court's own motion. It is urged that if the Supreme Court reverses *Wills*, then the defendant will be deemed to have waived the presentation of this defense. We would point out that in *Krantz* the supreme court's opinion stated specifically that substantial compliance with Rule 402(a) requires no such admonition. Therefore, even if *Wills* should be reversed on the constitutional issue, it would necessarily be affirmed under *Krantz*. If it is affirmed, there is nothing for this defendant to preserve. The motion to raise this issue as to the admonition is denied.

Accordingly, the judgment of the trial court as to indecent liberties is reversed and the judgment of the trial court in all other respects is affirmed.

Cause remanded to the trial court with directions to issue a modified *mittimus* in accordance with the views herein expressed.

TRAPP and SIMKINS, JJ., concur.