THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TERRY ALLEN GINDER, Defendant-Appellant.

(No. 74-132;

Fifth District—March 12, 1975.

Paul Bradley and Martin Carlson, both of State Appellate Defender's Office, of Chicago, for appellant.

John C. Reznick, State's Attorney, of Vandalia (Bruce D. Irish and Robert J. Anderson, both of Statewide Appellate Assistance Service, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, Terry Allen Ginder, was convicted of attempted murder upon his negotiated guilty plea in Fayette County and was sentenced to serve from 4 to 5 years in the penitentiary.

On appeal the defendant alleges that the trial court failed to inform him of the nature of the charge and that the court failed to establish that a factual basis existed for the guilty plea. Both questions present issues of compliance with Illinois Supreme Court Rule 402. Ill. Rev. Stat. 1973, ch. 110, par. 402.

Defendant was charged by complaint and subsequently indicted for murder, attempted murder and aggravated battery. On October 8, 1973, the defendant appeared with counsel for arraignment and upon his motion, the court dismissed the murder count. The court read the attempted murder and aggravated battery counts of the indictment to the defendant. The court then advised the accused of his rights, and of the possible penalties for the offenses charged. The defendant stated that he understood the court's admonitions and entered a plea of not guilty to both charges. On November 21, 1973, counsel for the defendant filed a motion to suppress confessions allegedly made by defendant. A hearing was held and the motion was denied.

Subsequently on January 21, 1974, the accused again appeared in court. At the beginning of this hearing, the following exchange occurred:

"THE COURT: Yes, Thursday, Now, Mr. Ginder, the Attorneys have advised me that they have reached an agreement in this case, and have you had a chance to discuss this?

TERRY ALLEN GINDER: Yes.

THE COURT: And gentlemen, let me first establish your age, Mr. Ginder?

TERRY ALLEN GINDER: Nineteen.

THE COURT: Nineteen years old. And do you understand that there are two charges against you, one is Attempted Murder, the second count is Aggravated Battery?

TERRY ALLEN GINDER: Yes, Sir.

THE COURT: You understand that to be the two charges pending against you?

TERRY ALLEN GINDER: Yes, Sir."

The court then advised the defendant of the possible sentences for attempted murder and aggravated battery. Following this admonition, the State's attorney outlined the plea bargain that had been reached. Under this agreement, the defendant would plead guilty to attempted murder and receive a sentence of 4 to 5 years, and the charge of aggravated battery and an unrelated charge pending in another county would be dismissed. The defendant stated that he understood the terms of this agreement and did not object to it.

The State's attorney then recited the following facts constituting this offense:

"On the 21st of August, 1973, Winton Booher whose address is Vandalia, Fayette County, Illinois, was stabbed several times with a paring knife in his home where he lives with his parents, here in Vandalia. Through investigations of the Sheriff's office, and then finally through a confession that was related to us by the Iron County State's Attorney in Iron County, Missouri, and by the Sheriff's Office there, Mr. Ginder was charged with this offense. Now, the State's Attorney, Frank Mack, the Deputy Sheriff, Elmo Black, both of Iron County, Missouri would testify to and were witnesses to the statement that was made by Mr. Ginder in Iron County, Missouri. There were further other statements made once Mr. Ginder waived extradition and came back to Fayette County and Detective Claude Hall of the State Police. In the Statement that was made by Mr. Ginder in Iron County, Missouri, he mentioned a pair of pants that were supposedly bloody and were left in a particular store in Springfield, Illinois. From the description made in the statement, Lieutenant Duvan of the Springfield Police Department went directly to the store and to the location and found the pants and I believe the shirt as well with blood stains on them. All of the people that I have mentioned would testify under oath in Court and I believe that is all I wish to say about the facts of the situation."

In response to the court's inquiry following the above recitation, the defendant stated that it was his continuing desire to plead guilty in accordance with the plea agreement.

The court advised the defendant that he still had the right to plead not guilty and to have a jury or a bench trial; that he had the right to cross-examine the witnesses against him; and that he had the right to require the State to prove him guilty beyond a reasonable doubt. The defendant responded that he understood, and that he wished to enter a plea of guilty. Upon further questioning by the court, the accused stated that he had discussed his plea with his attorney, that no threats or promises had been made to him, and that he was satisfied with the plea agreement as reached. The court then accepted the defendant's plea of guilty to attempted murder.

The defendant waived a sentencing hearing and, pursuant to the plea agreement was sentenced to from 4 to 5 years in the penitentiary.

■■ Defendant-appellant contends that his plea of guilty to attempted murder must be vacated because the court erred in failing to inform him of the nature of the charge. (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a) (1).) Rule 402 requires substantial, not literal, compliance. (*People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559 (1974); *People v. Wilcoxen*, 23 Ill.App.3d 377, 319 N.E.2d 86 (1974).) As stated by this court in *People v. Billops*, 16 Ill.App.3d 892, 307 N.E.2d 206 (1974):

> "The purpose of these admonitions is to assure that the defendant fully understands what he is pleading to, what rights he is waiving by so pleading, and what the results of his action might be. It is the defendant's *understanding* that is the crux of this section. [Citation.] In effect, unless it can be said that defendant's decision to plead guilty was an informed decision it cannot be said to be voluntary." 16 Ill.App.3d 892, 894, 307 N.E.2d 206, 208.

In ascertaining whether the defendant understood the charges against him, the entire record must be considered. (*People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559 (1974); *People v. Harden*, 78 Ill.App.2d 431, 222 N.E.2d 693 (1966), *aff'd*, 38 Ill.2d 559, 323 N.E.2d 725 (1967); *People v. Wilcoxen*, 23 Ill.App.3d 377, 319 N.E.2d 86 (1974); *People v. Bell*, 4 Ill.App.3d 397, 280 N.E.2d 487 (1972).) Upon examining the entire record in this case, it is our opinion that the defendant did in fact understand the nature of the charges against him. The defendant had the assistance of counsel at every critical stage in the proceedings. Defendant's counsel was present at the arraignment when the charges, and elements thereof were explained to the defendant.

■ Once the defendant had been properly admonished of the nature of the charges against him, the admonitions properly carried over and applied in successive proceedings. (*People v. Schyska*, 14 Ill.App.3d 557, 302 N.E.2d 666 (1973); *People v. Casley*, 20 Ill.App.3d 1001, 313 N.E.2d 477 (1974).) This is particularly applicable where the defendant was assisted by counsel at all proceedings from arraignment to sentencing on

the negotiated plea. Consequently, we find that the record clearly evidences substantial compliance with Rule 402(a)(1).

Appellant next contends that the record fails to establish a factual basis for the defendant's guilty plea.

■■ Supreme Court Rule 402(c) provides that a trial court "shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." (Ill. Rev. Stat. 1973, ch. 110A, par. 402(c).) No particular form of inquiry is mandated by the rule. (See Committee Comments, Ill. Ann. Stat., ch. 110A, par. 402 (Smith-Hurd 1974 Supp.).) In considering compliance with Rule 402(c), it is important to note that the record must show a basis upon which the judge could reasonably reach the conclusion that there is a connection between defendant's acts and the intent with which he acted and the acts and intention (if any) required to constitute the offense to which the defendant is pleading guilty. (*People v. Billops*, 16 Ill.App.3d 892, 307 N.E.2d 206 (1974).) The trial judge may use any portion of the record to find a sufficient factual basis for the plea. (*People v. Kinsley*, 10 Ill.App.3d 326, 293 N.E.2d 627 (1973).) A factual basis may be demonstrated in a number of ways: (1) by having the defendant state what he did; (2) by having the prosecutor summarize the testimony expected to have been introduced at trial; (3) by having the facts stated by witnesses; (4) by examination of a presentence report. *People v. Hudson*, 7 Ill.App.3d 800, 288 N.E.2d 533 (1972).

■■ In this case, the court chose to have the prosecuting attorney summarize the facts. Appellant now contends that the factual basis failed to establish an essential element, that defendant intended to commit murder. It is well established that the evidence necessary to establish a factual basis need not equal that quantum of evidence necessary to convict. The purpose of Rule 402(c) is to have a judicial determination made that the crime charged has in fact been committed and that the defendant committed it. (*People v. Edmonds*, 15 Ill.App.3d 1073, 305 N.E.2d 544 (1973).) The record in the instant case includes a lengthy hearing on a motion to suppress confessions. Although the record does not contain the confessions, there is sufficient evidence to show that they were read and considered by the trial judge. In light of this and defendant's reaffirmation of his desire to plead guilty after hearing the facts presented, we believe that a factual basis was properly established.

We therefore affirm the judgment of the Circuit Court of Fayette County.

Affirmed.

JONES, P. J., and EBERSPACHER, J., concur.