THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRED R. WITHERS, Defendant-Appellant.

First District (4th Division)　No. 59644

Opinion filed April 28, 1976.—Rehearing denied May 26, 1976.

James J. Doherty, Public Defender, of Chicago (David W. Hirschboeck and Harold A. Cowen, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, and Michael W. Ward, Law Student, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Fred Withers, and two co-defendants were charged by indictment with the offenses of murder, armed robbery, unlawful use of weapons and theft. In a separate trial defendant moved to quash the arrest and to suppress statements and physical evidence. After a hearing the court denied said motions. Thereafter, defendant plead guilty to the charges of murder, armed robbery and unlawful use of weapons. He was found not guilty of the theft since it appeared that the offense occurred in Ohio. Following a hearing in aggravation and mitigation, the court sentenced defendant to serve concurrent terms of 15 to 25 years for murder, 4 to 12 years for armed robbery, and 1 to 3 years for unlawful use of weapons.

On appeal defendant contends that (1) the court did not comply with Supreme Court Rule 402 since (a) there was an insufficient factual basis to support a conviction for unlawful use of weapons, and (b) the court did not admonish him of the minimum and maximum terms for unlawful use of weapons and armed robbery; (2) his conviction for armed robbery should be reversed since it arose out of the same course of conduct as the murder; and (3) the sentence of 1 to 3 years for unlawful use of weapons should be reduced to a term of less than 1 year since under the instant circumstances the offense was not a felony.

The record reveals that defendant initially entered a plea of not guilty to all charges. It appears that sometime thereafter his private defense counsel requested that defendant be permitted to talk with his mother who had come in from Kentucky. The court granted this request. After that conference defense counsel informed the court that defendant requested leave to withdraw his plea of not guilty and to enter a plea of guilty. Before accepting his plea, the court informed defendant that he would lose his constitutional rights to a jury trial, to demand proof of the charges against him, and to confront and cross-examine prosecution witnesses. Defendant stated that he understood. The court further admonished defendant that he was charged with the offense of murder and that he could be sentenced to any term of years not less than 14 any number of years over 14 up to and including his natural life. Defendant again stated that he understood. The court then remarked that a pretrial conference had been held a week earlier at which defendant was represented by his attorney. Defendant acknowledged that he had agreed to participate. The court stated that at the conference there was a full discussion of defendant's case, and that after said discussion the court

advised the respective attorneys that it would impose a minimum sentence of 15 years and a maximum sentence of 25 years upon a plea of guilty to the indictment. The court asked defendant whether he had been advised of these matters by his attorney, and defendant responded that he had. The court then announced that upon presentment of a proper factual basis, he would accept the guilty plea and impose sentence as stated in the conference.

The court accepted the guilty plea upon the following stipulated factual basis. If witnesses were called they would testify in regard to the murder and armed robbery charges that on April 23, 1970, defendant executed a written statement, which had been admitted in evidence, in which he admitted his guilt. Witnesses would further testify that they observed defendant in and around the premises of a business establishment located at 429 Laramie in Chicago which was operated by Mr. and Mrs. Hyde. Defendant entered said premises, demanded money, took $25 from the cash register, and upon leaving, shot and killed George Hyde. He then left the scene and joined two other persons in an automobile. The parties further stipulated with regard to all charges that defendant and two companions were arrested in Chicago on April 23, 1970, while in an automobile which was stolen in Ohio. A revolver was found in the automobile, and said revolver matched ballistically with a pellet removed from the body of Mr. Hyde. The court found defendant guilty of the charges of murder, armed robbery and unlawful use of weapons and not guilty of theft. Prior to sentencing the court conducted a hearing in aggravation and mitigation.

■■ Defendant first contends that the court did not comply with Supreme Court Rule 402 since it did not admonish him of the minimum and maximum sentences for armed robbery and unlawful use of weapons, but rather only as to the murder charge. Supreme Court Rule 402 provides that prior to acceptance of a guilty plea, the defendant must be informed of "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." Ill. Rev. Stat. 1971, ch. 110A, par. 402 (a)(2).) The Rule further provides that there must be a factual basis for the plea. Ill. Rev. Stat. 1971, ch. 110A, par. 402(c).

At the outset we must comment that Rule 402 requires only substantial, not literal, compliance with its provisions. Moreover, the entire record may be considered in determining whether or not the defendant voluntarily and intelligently entered his guilty plea. *(People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559.) It is true, as defendant asserts, that the court only admonished him of the minimum and maximum sentence for murder. Nevertheless, we believe that the court substantially

complied with Supreme Court Rule 402. The remarks and advice of the court must be read in a practical and realistic manner. *(People v. Doyle* (1960), 20 Ill. 2d 163, 169 N.E.2d 250.) The record reveals that the court conducted a pretrial conference at which the defendant was represented by his private counsel. During that conference all charges in the indictment were discussed as well as the matter of sentencing. Defendant acknowledged that he consulted with his attorney who informed him of what transpired and advised him of what he thought should be done under the circumstances. After having been so advised, defendant plead guilty to all of the charges in the indictment. No claim was made at trial or on appeal that the sentences imposed were not in accord with the remarks of the court at the pretrial conference. We are satisfied that defendant understood the minimum and maximum sentences he would receive upon the various charges and that there was substantial compliance with Rule 402.

■■ We also are satisfied that the State presented a sufficient factual basis upon which to accept defendant's guilty plea to unlawful use of weapons. The stipulation of facts included a statement that the State could present testimony by two police officers and produce a revolver and other items recovered from the automobile in which defendant was arrested. Moreover, the hearing on defendant's motion to suppress established that the officers observed an automatic weapon concealed between the seat cushions of the car and a revolver concealed in the rear pocket of one of the car occupants. The presence of these weapons is a sufficient factual basis to support the conviction. *People v. Graham* (1970), 23 Ill. App. 3d 685, 320 N.E.2d 156.

■■ Defendant next contends that his conviction for armed robbery should be reversed since it arose out of the same course of conduct as the murder. The evidence establishes that defendant demanded and received money from his victim. After completing the armed robbery and while fleeing the scene, defendant shot and killed his victim. While the offenses arose out of closely related acts, we hold that both convictions must stand. The acts were separate and independently motivated. The instant case raises the same issue presented to the Illinois Supreme Court in *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819, wherein the defendant's convictions for both armed robbery and murder were affirmed. In *Williams* the Supreme Court noted that the purpose of the entry was robbery, not murder, and as in the instant case the defendant chose to shoot his victim after the robbery had been completed and while he was in the process of leaving the premises. Thus, while the offenses arose out of a series of closely related events, the crimes were distinct and required different elements of proof. We have examined the cases cited by defendant and find them to be distinguishable on the facts.

■■ Lastly, defendant contends that the sentence of one to three years for unlawful use of weapons is improper. The record reveals that defendant had been charged with committing the offense of unlawful use of weapons in violation of section 24—1(a)(4) of the Illinois Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 24—1(a)(4)). Section 24—1(b) provides that a person convicted of a violation of subsection 24—1(a)(1) through (6) shall be fined not to exceed $500 or imprisoned in a penal institution, other than the penitentiary, not to exceed one year. (Ill. Rev. Stat. 1969, ch. 38, par. 24—1(b).) It is apparent that the sentence of 1 to 3 years cannot stand. Accordingly, we affirm the judgments on the murder, armed robbery, and unlawful use of weapons charges, but reverse and remand for resentencing on the unlawful use of weapons.

Affirmed in part and reversed in part with directions.

ADESKO and DIERINGER, JJ., concur.