THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL STICE, Defendant-Appellant.

Fifth District    No. 5—86—0035

Opinion filed August 21, 1987.

Daniel N. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Richard A. Runde, State's Attorney, of Effingham (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

134

JUSTICE KASSERMAN delivered the opinion of the court:

The defendant, Michael Stice, pleaded guilty to rape, attempted aggravated kidnapping, and attempted criminal sexual assault and was sentenced to concurrent terms of imprisonment for 14, 14, and 7 years, respectively. Defendant's motion to withdraw his guilty pleas, filed pursuant to Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)), was denied after a hearing. On appeal, defendant contends (1) that his guilty pleas were not voluntarily and intelligently made where the court failed to admonish him regarding the specific nature of his constitutional rights; (2) that his guilty pleas were not voluntarily made when the factual basis failed to show sufficient corroboration of his confessions; (3) that his conviction for attempted criminal sexual assault must be vacated because the criminal sexual assault statute (Ill. Rev. Stat. 1985, ch. 38, pars. 12—12, 12—14) is unconstitutionally vague; and (4) that the cause must be remanded for a hearing on the voluntariness of his statements, and if they are found to be involuntary, his pleas of guilty must be vacated.

In his initial contention on appeal, defendant requests that we reverse his guilty plea conviction on the ground that the trial court's admonitions to him were inadequate. A review of the record reveals that the defendant filed four motions to vacate his guilty plea. In the first two motions, the defendant alleged that the State had coerced him into relinquishing his right to move to suppress his confession. In the second two motions, the defendant attacked the constitutionality of the criminal sexual assault statute. We note that in none of the four motions did defendant raise the issue of the sufficiency of his admonitions. Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)) states that no appeal from a judgment entered upon a plea shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. The rule further provides that upon appeal any issue not raised by the defendant in the motion shall be deemed waived. In the case at bar, defendant did not raise the issue of the adequacy of his admonitions in his withdrawal motions. Consequently, he failed to preserve the point for review and it is deemed waived.

Even if the issue had been properly preserved, we find that the guilty plea admonitions substantially complied with Supreme Court Rule 402 (107 Ill. 2d R. 402). In attacking the adequacy of his guilty plea admonitions, the defendant specifically contends that the admonitions were inadequate because the court failed (1) to explain what a jury trial entailed; (2) to tell him that the presumption of innocence

meant that he did not have to present a defense; and (3) to advise him that, in pleading guilty, he was giving up his right to confront his accusers. We note that such admonitions may be deemed insufficient only insofar as that they did not mention the defendant's right to confront his accusers; however, we find that this defect was not substantial.

According to the docket minutes, on December 18, 1984, the defendant was advised of the charges, the possible sentences, and his rights. At the hearing on the defendant's negotiated plea of guilty, on April 25, 1985, the court ascertained that the defendant, who was represented by counsel, understood his constitutional and statutory rights. The court explained to the defendant that if he pleaded guilty, there would be no trial and he would be sentenced in accordance with the plea agreement. The defendant stated that he had not been threatened and that he had not received any promises other than those stated in open court. Prior to accepting defendant's plea, the court gave the following admonition:

"You understand that as you stand there right now you are still presumed innocent in regard to these matters and you are entitled to trial by jury? If you wish to avail yourself or take advantage of the opportunity to be tried by jury, all you need to do right now is tell me that, I'll return these 3 pleas now and you may tear them up and we'll proceed as if this here this afternoon had not taken place. Do you understand that?"

After the defendant stated that he understood the admonition, the court accepted his plea.

Supreme Court Rule 402(a), governing admonitions to the defendant, states, in pertinent part, that the court, prior to accepting a plea of guilty, must advise the defendant that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty, he waives the right to a trial by jury and the right to be confronted with the witnesses against him. (107 Ill. 2d R. 402(a)(4).) In *People v. Krantz* (1974), 58 Ill. 2d 187, 192, 317 N.E. 2d 559, 562, the supreme court determined that Rule 402 requires only substantial compliance. Furthermore, in *People v. Mendoza* (1971), 48 Ill. 2d 371, 270 N.E. 2d 30, the supreme court rejected the defendant's contention that he was not sufficiently admonished where he was not informed that, in pleading guilty, he was waiving the privilege against self-incrimination and the right to confront his accusers. The court reasoned that the fact that the defendant was not specifically admonished as to each and every consequence of his plea did not demonstrate that he was, in fact, unaware of the consequences. The court

noted, in this regard, that the defendant was represented by counsel, and that he did not allege that counsel failed to adequately advise him of the consequences of a guilty plea. (48 Ill. 2d 371, 374, 270 N.E. 2d 30, 32.) The court further noted the absence of any evidence in the record or any affidavit by defendant supporting his claim on appeal that he did not understand the consequences of his plea. 48 Ill. 2d 371, 374, 270 N.E. 2d 30, 32; see also *People v. Williams* (1973), 16 Ill. App. 3d 199, 200-03, 305 N.E. 2d 544, 547-48.

■ In the instant case, the judge's failure to tell the defendant that, in waiving his right to trial, he was waiving his right to confront his accusers did not constitute a substantial defect in the admonitions. Accordingly, the defendant's plea of guilty was not invalidated.

With respect to the defendant's other contentions—that the judge should have explained what a jury trial entailed and should have told the defendant that the presumption of innocence meant that he did not have to present a defense, we note that there are no cases supporting these propositions. Rule 402(a) does not contain such a requirement, and the supreme court in *Mendoza* expressly held that it is not necessary to specifically admonish a defendant as to every consequence of his plea. *People v. Mendoza* (1971), 48 Ill. 2d 371, 374, 270 N.E. 2d 30, 32.

■ ■ Defendant's second contention on appeal is that his guilty pleas were not voluntarily made when the factual basis allegedly failed to show sufficient corroboration of his confessions. In challenging the accuracy of the factual basis, the defendant contends that (1) the prosecutor's recitation of the offenses in the language of the charges did not establish that the defendant committed acts constituting the offenses, and (2) the prosecutor did not indicate how, in the event the case went to trial, he would be able to corroborate the defendant's confession.

With respect to the first aspect of defendant's second contention on appeal, we find that the prosecutor's representations in presenting the factual basis sufficiently describe defendant's conduct so that the court could determine that it comprised the offense to which the defendant was pleading guilty. The purpose of Rule 402(c) (107 Ill. 2d R. 402(c)), regarding the presentation of a factual basis for a plea of guilty is to enable the judge to determine that the conduct of the defendant constitutes the offense charged. (*People v. Warship* (1974), 59 Ill. 2d 125, 130, 319 N.E. 2d 507, 510.) To this end, the trial judge may look anywhere in the record to find a sufficient factual basis for the plea. The judge may consider confessions, police reports,

statements of witnesses, and information contained in the pre-sentence investigation report. (*People v. Ginder* (1975), 26 Ill. App. 3d 295, 299, 324 N.E. 2d 703, 707.) Our review of the record in the instant case establishes an underlying factual basis for each of the three offenses to which the defendant pleaded guilty. We find that the prosecutor's representation and summary of the testimony expected to have been introduced at trial established that there was a factual basis for each of the three crimes to which the defendant pleaded guilty. The factual basis was augmented by the preliminary hearing testimony and by the description of the offenses contained in the official statement of the State's Attorney and trial judge.

With respect to the remainder of defendant's second contention on appeal, we find that it was of no consequence whether the prosecutor was in a position to prove that the defendant committed the crimes to which defendant pleaded guilty; the sole consideration was whether the facts which the defendant admitted in open court constituted the crimes. (See *People v. Warship* (1974), 59 Ill. 2d 125, 130-31, 319 N.E. 2d 507, 510; *People v. Ginder* (1975), 26 Ill. App. 3d 295, 299, 324 N.E. 2d 703, 707.) As the United States Supreme Court has observed, a conviction after a plea of guilty rests upon a defendant's own admission in open court that he committed the acts with which he is charged. (*McMann v. Richardson* (1970), 397 U.S. 759, 766, 25 L. Ed. 2d 763, 770, 90 S. Ct. 1441, 1446.) Defendant cites the case of *People v. Fugate* (1979), 77 Ill. App. 3d 103, 395 N.E. 2d 1199, for the proposition that a defendant may not be convicted on the basis of a confession alone. This rule is inapplicable, however, to guilty plea convictions which rest upon a defendant's judicial admission. Even if defendant had gone to trial in the instant case, the State, in addition to introducing the confession, would have been required to prove only that the crimes in fact had taken place. The State would not have been obligated to establish the defendant's connection with the crimes with evidence other than the confession. (*People v. Holmes* (1976), 38 Ill. App. 3d 122, 124-25, 347 N.E. 2d 407, 409.) The prosecution would have been able to prove the *corpus delicti*, or the occurrence of the crime, through the testimony of the victim. Accordingly, we find that in the instant case the factual basis was established for the defendant's crimes.

■ Defendant's third contention on appeal is that his conviction for attempted criminal sexual assault should be set aside because the criminal sexual assault statute is unconstitutional. Defendant has waived the issue of the constitutionality of the aggravated criminal sexual assault statute by failing to raise it in the trial court. See *Peo-*

*ple v. McKean* (1981), 94 Ill. App. 3d 502, 504, 418 N.E. 2d 1130, 1132; *People v. Gully* (1986), 151 Ill. App. 3d 795, 798, 502 N.E. 2d 1091, 1093.

■ In defendant's final contention on appeal, he asks the court to vacate his guilty plea conviction and remand the cause for a hearing on the voluntariness of his confession. By pleading guilty, the defendant waived all nonjurisdictional issues, including the admissibility of his confession. (*People v. Grammer* (1974), 24 Ill. App. 3d 648, 652, 321 N.E. 2d 735, 737-38; *People v. Brown* (1969), 41 Ill. 2d 503, 505, 244 N.E. 2d 159, 160.) Defendant seeks to avoid the applicability of the waiver doctrine by arguing that (1) his confession constituted a part of the factual basis, where the prosecutor referred to it in describing the defendant's conduct; and (2) in any event, the prospect of the admission of his confession constituted the motivation for his decision to plead guilty.

We find that while the prosecutor referred to the defendant's confession in reciting the factual bases of the defendant's crimes to the court, it is apparent that the defendant, in pleading guilty, acknowledged the truth of the facts contained in the confession—and not just the fact that he had made a confession. That the defendant was admitting the underlying facts was established by the following colloquy:

"THE COURT: Mr. Stice, you've had an opportunity to hear the State's attorney state the factual basis. With regard as to Count II, is the factual basis substantially correct?

THE DEFENDANT: Yes, sir.

THE COURT: With regard to Count III, is the factual basis substantially correct?

THE DEFENDANT: Yes.

THE COURT: With regard to Count VI?

THE DEFENDANT: Yes, sir."

We conclude that it is of no consequence that defendant's decision to plead guilty was influenced by the prospect of the admission of his confession. The defendant's perception of his chances of prevailing on the suppression motion, like his perception of his chances of prevailing at a trial, was a legitimate consideration in the plea negotiations. *McMann v. Richardson* (1970), 397 U.S. 759, 768, 25 L. Ed. 2d 763, 771-72, 90 S. Ct. 1441, 1447.

In moving to withdraw his guilty plea, the defendant alleged that he was "coerced" into pleading guilty by the State's making its offer of 14 years' imprisonment contingent upon the defendant forgoing a hearing on his motion to suppress his confession. The Supreme Court

has expressly held that a defendant's relinquishment of his right to challenge a confession is a valid bargaining point in plea negotiations. *McMann v. Richardson* (1970), 397 U.S. 759, 768-71, 25 L. Ed. 2d 763, 771-74, 90 S. Ct. 1441, 1447-49.

■ In the instant case, the defendant's agreement not to challenge his confession was part of a bargain in exchange for which the State recommended a sentence of 14 years' imprisonment, which was quite lenient given the nature of defendant's acts, which involved separate sexual attacks on three women who were asleep in their homes late at night. The defendant used a knife on two of his victims. One of the victims was only 16 years old, and it was this victim over whose face the defendant placed a towel and whom the defendant attempted to kidnap by putting a knife to her neck and threatening to hurt her. Another victim was raped by the defendant, who held a knife at her throat. In pleading guilty to rape, a Class X felony, the defendant could have received a sentence of 30 years' imprisonment. (Ill. Rev. Stat. 1983, ch. 38, pars. 11—1(c), 1005—8—1(a)(3).) The home invasion charge, another Class X felony, was dropped. In entering into his plea agreement, the defendant was able to obtain a sentence of less than half of that for which he was eligible. Defendant has not presented evidence that his confession was coerced, particularly where he admitted the truth of the confession in open court.

For the foregoing reasons, the judgment of the circuit court of Effingham County is affirmed.

Affirmed.

KARNS, P.J., and LEWIS,* J., concur.

---

*Justice Lewis replaces Justice Jones, who retired after the cause was taken under advisement.