The People of the State of Illinois, Plaintiff-Appellee, *v.* Steven Piper, Defendant-Appellant.

(No. 12119; )

Fourth District—June 12, 1974.

John F. McNichols, of State Appellate Defender's Office, of Springfield, for appellant.

John Satter, State's Attorney, of Pontiac, for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

Defendant was convicted on his plea of guilty to the crime of escape from the Illinois State Penitentiary as defined in the Penitentiaries Act (Ill. Rev. Stat. 1971, ch. 108, par. 121). He contends that the court failed to comply with Supreme Court Rule 402(c) in that it did not determine that there was a factual basis for the plea and that the statute on which the conviction is based is unconstitutional.

██ Supreme Court Rule 402(c) mandates that the court shall not enter a final judgment on a plea of guilty "without first determining that there is a factual basis for the plea." There must be substantial compliance with this requirement. (*People v. Dugan*, 4 Ill.App.3d 45, 280 N.E.2d 239.)

The rule, sensibly, does not lay down a ritual of inquiry as to what and from whom this requirement may be satisfied. The committee comments suggest that it can be satisfied by obtaining the factual basis from either the defendant, his attorney, the prosecution, a presentence report, or "by any other means which seem best for the kind of case involved." Such is the import of *Dugan*:

> "Rule 402 calls for substantial compliance with the requirement for a factual basis. This could be accomplished by having the defendant state what he did, having the State's Attorney state the facts in the presence of the defendant, having the facts stated by a knowledgeable witness, or by examination of a presentence report, or by any other means which seem best for the kind of case involved, * * *."

The court here explained the nature of the offense, the minimum and maximum, that the sentence would be consecutive to the one being served at the time of the escape (the statute mandates this), his right to plead not guilty, that by pleading guilty he waived his right to a jury trial and to confrontation. Having determined that the plea was voluntary, defendant was asked: "And are you in fact guilty of the offense charged here?" with the response "Yes, sir". Defendant now argues that this does not establish "a factual basis for the plea".

■■ Defendant, in his brief, glides over the fact that at the time of the arraignment, the indictment was read to him. It read that on a given date he committed the offense of escape in that while being a prisoner in the Pontiac Branch he intentionally and knowingly escaped from such institution while being in prison on a conviction of burglary and escape and that at the time he escaped, he had not completed his sentence. Defendant acknowledged that he understood the charge. In addition, the report of the probation officer—which can be considered a presentence report—contained the statement, "according to defendant, there was a lot of heat in the cell house regarding riots and took opportunity to escape with fellow prisoner". Certainly in our opinion, this establishes a factual basis for the plea so far as the court is concerned. We should keep in mind that it is the court who determines that there is a factual basis for the plea. Final judgment then followed. The fact that the referral to the probation officer on motion of the defendant for probation was rendered inoperative by the withdrawal of such motion and the waiving of a hearing on aggravation and mitigation does not detract from the report and the information it contained.

While we do not hold this up as a model—the reading of the indictment here was sufficient with defendant's response to establish a factual basis for the plea. The indictment was specific enough to advise him of

the crime for which he was charged—and the offense of escape is unique in this, one has to be in the penitentiary and one hardly has to be told explicitly where he is—when he knows very well where he is!

■■ Defendant next says that the statute is unconstitutional because it denies him equal protection of the law. The section under which he was indicted requires, as we have seen, that the sentence be served consecutive to the sentence he was serving at the time of escape. However, he could have been prosecuted under the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 31—6(a)), rather than the Penitentiaries Act, and this section of the Code does not mandate a consecutive sentence. This, says defendant, gives to the prosecution an "unfettered discretion" which mandates a declaration of unconstitutionality. But this argument has been answered conclusively in the course of this appeal by the supreme court in *People v. McCollough,* No. 45634, May Term, 1974. Neither statute is here unconstitutional for the reasons stated in that opinion.

Accordingly, the judgment appealed from is affirmed.

Affirmed.

CRAVEN and SIMKINS, JJ., concur.