THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN TROYAN, Defendant-Appellant.

(No. 73-206; ▮▮▮▮▮▮▮▮▮▮)

Fifth District—August 14, 1974.

Robert E. Farrell, of Mt. Vernon, and Allen L. Wiederer, of Chicago, both of State Appellate Defender's Office, for appellant.

No brief for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant appeals a sentence of 5 to 7 years to the Department of Corrections on a plea of guilty to armed robbery and attempted murder. The plea was negotiated and the prosecution dismissed the charge of unlawful use of firearms.

The appeal of the defendant is based on alleged violation of Supreme Court Rule 402 (Ill. Rev. Stat., ch. 110A, sec. 402).

After emptying the cash register at the filling station, the defendant drove away. A state trooper sighted the defendant driving on the highway, and there was an exchange of gunfire by the defendant with the state trooper and another police officer. Some hours later the defendant was found in a barn in the area suffering from a flesh wound. In his pos-

sion was ninety-three dollars and eighty-three cents ($93.83), the amount of money missing from the filling station.

■■■ The record of the trial proceedings indicates that the trial judge never did advise the defendant of the minimum and maximum sentence possible on his plea of guilty. Where the record is devoid of any such admonition, it cannot be said that the defendant entered a plea of guilty knowingly and intelligently as required by *Boykin v. State of Alabama* (1969), 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709. Such a failure of this admonition requires a reversal and a remand of the case. If, however, the record does indicate that the defendant was otherwise aware of the minimum and maximum sentence possible under his plea, this court has permitted such proceedings as a substantial compliance. However, there are no statements in the record in this case from which it can be reasonably inferred that the defendant was aware at any time of the minimum and maximum sentence possible under his plea. The fact that this was a negotiated plea does not remove the case from the Supreme Court Rule 402(a)(2) requirement. *People v. Buck*, 7 Ill.App.3d 758, 288 N.E.2d 548.

■■■ The defendant's second contention is that the trial court did not sufficiently inform him of the nature of the charge in violation of Supreme Court Rule 402(a)(1) (Ill. Rev. Stat., ch. 110A, sec. 402). As the defendant points out, there is nothing in the record to indicate that he was personally admonished in open court as to the nature of the charge as required by Rule 402(a)(1). All the trial judge did was name the charges and ask the defendant if he understood those charges. This court has previously held that merely telling the defendant the charge by name or giving him a copy of the indictment is not necessarily compliance with Rule 402(a)(1). This court in *People v. Ingeneri*, 7 Ill.App.3d 809, 811, 288 N.E.2d 550, said:

> "Since a guilty plea is an 'admission of all the *elements* of a formal criminal charge' and 'cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts,' *McCarthy v. United States*, 394 U.S. 459, we believe the trial court must inform the defendant of the essential elements of the crime of which he is charged."

This does not mean that the court itself must mouth the words explaining the nature of the charge. In a recent case, *People v. Billops*, 16 Ill.App.3d 892, 307 N.E.2d 206, this court addressed itself to the question of whether a recitation of the factual basis may be sufficient to inform him of the nature of the charge. In *Billops*, cited by the defendant, the defendant pled guilty to robbery and was sentenced to 2 to 4 years in accordance with plea negotiations. Defendant was not admonished of the nature of

the charge by the court. The recitation of the factual basis also contained the essential elements for the nature of the charge. This court, however, did not accept them as interchangeable. This court felt that the failure of the trial court to personally confirm that the defendant understood the nature of the charge as so stated was not a following of the requirement that the court personally admonish the defendant.

■■■ The purpose of Rule 402(a)(1) is to make the trial court satisfy itself that the defendant understands what he is pleading guilty to. In this case there was an extensive recitation of the factual basis to which the defendant concurred; however, it was not a clear and hard-to-misunderstand restatement of the nature of the charge. There is no indication that the defendant was informed of the intent necessary to constitute the offense of attempted murder. In the case of *People v. Davis*, 6 Ill.App.3d 622, 627, 286 N.E.2d 8, the court said:

> \* \* \* conviction of attempted murder must be predicated upon specific intent to kill."

From this it can be concluded that the defendant entered a plea of guilty to attempted murder without being aware that he had to have the specific intent to kill to be guilty. This is in direct confrontation with the *Boykin* rationale.

■■ Additionally, it is evident from the record that the defendant may have been under the influence of drugs at the time of the crime. Not only might this vitiate the element of intent concerning defendant, but it also stands as a statutory defense. See Section 6—3 of the Criminal Code (Ill. Rev. Stat., ch. 38, par. 6—3), which states:

> "A person who is in an intoxicated or drugged condition is criminally responsible for conduct unless such condition either:
> (a) Negatives the existence of a mental state which is an element of the offense; or
> (b) Is involuntarily produced and deprives him of substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law."

Had defendant been aware of the element of intent, instead of pleading guilty, he may have wanted to persist in this defense and may have been successful. Although a guilty plea waives all defenses, the fact that there was such a potential defense should make the trial judge inquire more in depth into the factual basis before accepting the plea. The exchange between the court and the defendant was as follows:

> "The court: Mr. Troyan, you have no memory of this, is that right?
> Defendant: No, I don't.

The court: Is there a reason you don't know, don't remember?

Defendant: The only thing I know, I was on drugs.

The court: Let the record show that the defendant states he was using drugs at that time."

The court made no further investigation as to how this matter might have affected the factual basis. Since the purpose of determining the factual basis is to tie defendant's intent and acts with those required for the offense, the trial judge did not substantially comply with Supreme Court Rule 402(c) by inquiring further as to whether defendant had the requisite intent.

■■ Accordingly, the judgment of the Circuit Court of Fayette County is reversed and remanded with directions to allow the defendant to plead anew.

Reversed and remanded with directions.

G. MORAN, P. J., and EBERSPACHER, J., concur.