THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL PRAKEL, Defendant-Appellant.

(No. 74-116;

Fifth District—September 26, 1975.

G. MORAN, J., dissenting.

Stephen P. Hurley and Michael J. Rosborough, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John C. Reznick, State's Attorney, of Vandalia, for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant, Michael Prakel, entered a negotiated plea of guilty to escape in Fayette County and was sentenced to serve from 1 to 2 years.

■■ Defendant first contends that the court erred in failing to advise defendant of the nature of the charge against him. Defendant made his first appearance in court without counsel on October 29, 1973. At that

time the court fully and adequately explained the charge. At the subsequent plea proceedings, held on January 22, 1974, the court referred to the charge by name only. We are not called upon to decide whether the prior admonition was sufficient to carry over to the plea proceedings. We are required only to view the record of the actual plea in its entirety to determine if defendant understood the nature of the charge against him. (*People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 187, 317 N.E.2d 559 (1974).) We believe that the court substantially complied with Rule 402(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(1)).

In addition, we believe that the recitation of the factual basis by the State provided a "reasonably clear, hard-to-misunderstand" restatement of the elements of the charge. (*People v. Troyan*, 21 Ill.App.3d 375, 315 N.E.2d 335 (1974).) "Escape" itself contains no complex or convoluted elements and is recognized and understood by men of normal intelligence by name alone.

■■ Contrary to defendant's contentions, we believe that the court substantially complied with Rule 402(c) requiring a determination that a factual basis existed for the plea. The State's Attorney recited to the court the operative facts involved in defendant's escape. Defendant now contends that the factual basis statement failed to establish that any act was done intentionally by the defendant and further failed to prove that defendant actually left the State Farm at Vandalia. Neither the defendant nor his counsel demurred to the factual basis statement and defendant reaffirmed his plea of guilty thereafter. This is relevant in determining the adequacy of the statement. (*People v. Krantz.*) The statement adequately detailed defendant's act in leaving the work detail to which he was assigned. If he left that detail other than intentionally, a situation difficult to imagine, the burden was equally upon him to bring these facts before the court. He had ample opportunity to do so. Defendant also asks us to take judicial notice of the dimension of the State Farm at Vandalia, apparently to suggest that defendant may not have left the prison grounds before capture. We believe the record, in the face of defendant's silence, adequately establishes that defendant escaped from the custody of the Department of Corrections.

Defendant next contends that he was not properly advised of the available penalties for the offense. Escape is a Class 2 felony with a possible sentence of from 1 to 20 years. (Ill. Rev. Stat. 1973, ch. 38, pars. 1003—6—4(a), 1005—8—1(b)(3).) Upon his first appearance in court, defendant was advised that the possible penalty was from 1 to 10 years. During the plea proceedings, defendant was told that the possible sentence was from 1 to 2 years. Defendant's plea was negotiated and he received a sentence of from 1 to 2 years.

We believe that defendant's contention is without merit. In *People v. Barr*, consolidated for opinion with *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559 (1974), the court found substantial compliance with Rule 402(a)(2) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(2)) where no admonition was reflected on the record. The court stated that defendant had negotiated his plea specifically to avoid the imposition of the maximum sentence and was thus aware of the possible penalty. The court also noted that defendant had received the sentence for which he had bargained. We find no error in compliance with Rule 402(a)(2).

■■ Defendant also contends that the court erred in failing to admonish defendant of the mandatory parole term required by section 5—8—1(e)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e)(2)). Defendant's plea was taken prior to May 19, 1975. No error was committed. *People v. Wills*, 61 Ill.2d 105, 330 N.E.2d 505 (1975) (supplemental opinion on denial of rehearing).

■■ In a supplemental brief filed in this court, defendant argues that he was denied the equal protection of the laws in that the prosecution had the choice to prosecute him for a felony or a misdemeanor. Section 3—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1003—6—4) makes it a Class 2 felony for any person to escape from any institution of the Department of Corrections, Adult Division. A sentence under this section must run consecutively to the sentence being served prior to the escape. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4 (g).) The Committee Comments to section 3—6—4 (par. 1003—6—4) state that the new section was designed to "draw together scattered sections dealing with escape" and related offenses. The new section repealed section 7 of "An Act to establish * * * a State Reformatory for Women" (Ill. Rev. Stat. 1971, ch. 23, par. 2807), and sections 14, 15 and 17 of "An Act in relation to the Illinois State Penitentiary" (Ill. Rev. Stat. 1971, ch. 108, pars. 118, 119, and 121). One "scattered" escape provision remains, however. Section 31—6 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 31—6) distinguishes escape while in custody for a misdemeanor conviction from escape while incarcerated for a felony. The former is a Class A misdemeanor; the latter a Class 2 felony. In addition, section 31—6 contains no requirement that the sentence run consecutively.

Defendant argues that because he was incarcerated for a misdemeanor when he escaped, his escape could have resulted in a misdemeanor prosecution and that the unfettered discretion in the hands of the prosecutor to choose which statute under which to prosecute denies him the equal protection of the laws.

In *People v. McCollough*, 57 Ill.2d 440, 313 N.E.2d 462 (1974), the

defendant was charged in identical language in two counts with involuntary manslaughter and reckless homicide. Section 9—3 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 9—3) makes reckless homicide an included offense under involuntary manslaughter if the death was caused by a defendant driving an automobile. That section provides that a defendant may either be charged with reckless homicide or convicted of it under an involuntary manslaughter indictment, information, or complaint. The appellate court had held that the unfettered discretion in the hands of the prosecutor, the grand jury, or the trier of fact denied the defendant the equal protection of the law. (*People v. McCollough*, 8 Ill. App.3d 963, 291 N.E.2d 505 (1972).) The supreme court reversed, holding that the discretion did not violate constitutional principles. In commenting upon the role of the State's Attorney, the court quoted from *People v. Rhodes*, 38 Ill.2d 389, 396, 231 N.E.2d 400, 403 (1967):

> "The State's Attorney is the representative of the People and has the responsibility of evaluating the evidence and other pertinent factors and determining what offense can properly and should properly be charged."

The court then stated:

> "The kind of determination committed to the discretion of the State's Attorney by the Statute in this case is the same kind of discretion that is committed to him with respect to a host of other offenses, and is exercised by him every day. It is not, in our opinion, an unconstitutional delegation of authority." (57 Ill.2d 440, 444, 313 N.E.2d 462, 464.)

The Appellate Court for the Fourth District cited *McCollough* in its recent decision that the defendant was not denied equal protection of the law by the requirement of section 17 of "An Act in relation to the Illinois State Penitentiary" (Ill. Rev. Stat. 1971, ch. 108, par. 121) (repealed by ch. 38, par. 1003—6—4), that defendant's sentence for escape run consecutively to that being served when section 31—6 contained no such requirement. *People v. Piper*, 20 Ill.App.3d 94, 312 N.E.2d 851 (1974).

Although we see no reason why the legislature should have consolidated all escape statutes but one and would surmise that it resulted from legislative oversight, we perceive no difference between the prosecutorial discretion exercised in the instant case and that condoned in *McCollough* and *Piper*. Accordingly, we hold that defendant was not denied the equal protection of the law.

Defendant further argues in the supplemental brief that the court erred in failing to conduct a presentence hearing, even though the plea was negotiated and defendant received the sentence bargained for. We

have recently considered and rejected this argument. *People v. Melvin*, 27 Ill.App.3d 269, 327 N.E.2d 139 (1975).

The judgment of the Circuit Court of Fayette County is affirmed.

Affirmed.

JONES, P. J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

Under Rule 402(a)(1), the defendant must be informed of and understand the nature of the charge. In my opinion the trial court did not substantially comply with this rule. Upon defendant's first appearance in court the trial judge paraphrased the indictment and the defendant stated he understood it. Almost 3 months later the defendant appeared with counsel and entered a plea of guilty. After confirming the terms of the negotiated plea with the defendant, the court stated:

> "You understand that the charge against you was Escape from the Illinois State Farm?
> Michael Eugene Prakel: Yes, sir."

This was the only direct attempt by the court to explain the nature of the charge at the actual plea proceeding.

This court has held that merely informing the defendant of the name of the offense with which he is charged is not compliance with Rule 402(a)(1). The court must determine that he understands the nature of the charge, including both the acts and the intent necessary to constitute the offense. (*People v. Troyan*, 21 Ill.App.3d 375, 315 N.E.2d 335; *People v. Billops*, 16 Ill.App.3d 892, 307 N.E.2d 206.) It should be obvious that the colloquy quoted above does not satisfy the directive of Rule 402(a)(1) by any quantum, let alone substantially. It is therefore difficult to determine how the majority reached its conclusion unless it had reference to the proceedings of October 29, 1973, when the defendant made his first appearance. I believe it is clear that the supreme court in *People v. Krantz*, cited by the majority, had in mind the record of the actual guilty plea proceedings when it determined that "the entire record may be considered in determining whether or not there was an understanding by the accused of the nature of the charge." I make this point to avoid any confusion that may arise from the treatment of this case by the majority opinion. To construe *Krantz* as allowing the whole course of events from first appearance to entry of judgment to be used to sustain otherwise insufficient admonitions would not only effectively defeat the spirit and purpose of *Boykin*, *McCarthy*, etc., but would run counter to the clear directive of Rule 402 where it said:

> "In *hearings on pleas of guilty*, there must be substantial compliance * * *." (Emphasis added.)

Then too, it would seem unduly harsh and contrary to reality to make a defendant chargeable with an admonition given weeks or even months before he decided to forego his constitutional rights and enter a plea of guilty.

The majority holds that the recitation of the factual basis in this matter was an additional factor, apart from the entire record, which could satisfy Rule 402(a)(1) requirements. The record of the January 22, 1974, hearing included the following factual basis statement from the State's Attorney:

> "Mr. Prakel was committed to the Department of Corrections, to the Illinois State Farm on the 26th of April, 1973 on a charge of Theft. This was a misdemeanor theft. He was admitted to the institution for a term of one year. Then on September 24, 1973, at approximately 7:35 a.m. he was working on a detail at the institution under the supervision of Kenneth Cunningham, and he left from that. He was apprehended about 8:43 on the same day, about three quarters of a mile east by Officer Gary Swofford and Don Stewart. Now, the three officers whom I mentioned would testify to this under oath as well as either the Superintendent or his representative as to the lawful holding of Mr. Prakel in the Illinois State Farm and the record clerk would testify as to the records in his information showing Mr. Prakel to be a lawful resident held by the Illinois Department of Corrections.
>
> The Court: Now, Mr. Prakel, in view of the statements given by the State's Attorney is it still your desire to withdraw your [not guilty] plea subject to this agreement that has been reached by your Attorney?
>
> Michael Eugene Prakel: Yes, sir."

The majority evidently cites *People v. Troyan* for the proposition that where the factual basis statement contains a "reasonably clear, hard-to-misunderstand restatement" of the elements of the charge and the facts therein are personally confirmed by the defendant, compliance with Rule 402(a)(1) may exist. However, the statement quoted above does not contain allegations that defendant "left" intentionally or that he actually escaped "from the custody of the Department," two elements contained in the definition of escape. And even more importantly, defendant was not personally addressed as to the correctness of the facts contained in the State's attempt to comply with Rule 402(c). He was asked if in light of the statement it was still his desire to plead guilty. This is something considerably less than an admission of the correctness of the facts or even an admission that the facts could be proved by the State's evidence.

Accordingly, I feel that this aspect of the proceedings likewise failed to satisfy Rule 402(a)(1) requirements.

Then too, there were other factors in this case that support defendant's contention that he was not informed of the nature of the charge. The indictment charged defendant three times with the same offense of escape and there was never a showing in the record that defendant understood he could be sentenced on only one of these charges. I fail to see how the defendant could plead voluntarily and understandingly under these circumstances.

In addition, the various admonitions regarding possible sentences were in such conflict as to provide another basis for confusion. Escape as it is involved here is a Class II felony carrying a possible sentence of 1 to 20 years (Ill. Rev. Stat., ch. 38, par. 1003—6—4). In defendant's first appearance he was informed that the penalty was 1 to 10 years. Later, at the time the plea was entered, he was told that the possible sentence was 1 to 2 years. He was then told that the sentence would run consecutively with that already being served, but he informed the court that the previous sentence was completed. Under these circumstances it is difficult to assume that the defendant understood the nature of the charge.

I respectfully dissent.