*In re* DANIEL BUTLER, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* DANIEL BUTLER, Respondent-Appellant.)

First District (5th Division) No. 61741

Opinion filed February 13, 1976.

James J. Doherty, Public Defender, of Chicago (David W. Hirschboeck, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael J. Shabat, and Michael J. Angarola, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Respondent, a juvenile, appeals from an order of the Circuit Court adjudging him delinquent and committing him to the Department of Corrections, Juvenile Division. The only issue presented for review is whether the trial court erred in failing to inform him of the maximum period of detention to which he might be subjected before accepting his admission.

Respondent was charged in a delinquency petition with the offense of murder, unlawful use of weapons, illegal person harboring a firearm and involuntary manslaughter. Pursuant to a plea negotiation, he entered an admission to the offenses of unlawful use of weapons and involuntary manslaughter. In return, the other two counts were dismissed for want of prosecution.

The record reflects that the trial judge informed respondent that he would be committed to the Department of Corrections as a result of his admission. However, he was not informed that he might be confined until he became 21 years of age.

OPINION

■■ The issue presented in this case is identical to that decided in *In re Chatman* (1976), 36 Ill. App. 3d 227. In *Chatman,* we held that both due process and Illinois Supreme Court Rule 402 (applicable in a juvenile proceeding through Ill. Rev. Stat. 1973, ch. 37, par. 701—2(3)(a)) require that a juvenile be informed of the maximum period of detention provided by law before his admission may be accepted. That holding is equally applicable in this case, and consequently we hold that in not so informing respondent, substantial compliance with Rule 402 was not achieved.

For the reasons stated, the order finding respondent to be delinquent is reversed, and this cause is remanded with directions to permit him to plead anew.

Reversed and remanded with directions.

BARRETT and DRUCKER, JJ., concur.