*In re* ROBERT CHATMAN, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ROBERT CHATMAN, Respondent-Appellant.)

First District (5th Division) No. 61710

Opinion filed February 13, 1976.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael J. Angarola, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Respondent, a juvenile, appeals from an order committing him to the Department of Corrections, Juvenile Division, for robbery.[1] Through his counsel an admission was entered to the charge, and in this appeal he contends that he should be afforded the opportunity to plead anew for the reasons that (1) when the court accepted his admission, it failed to advise him of the maximum sentence prescribed by law as required by Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(2)); and (2) the court lacked authority to sentence him, because it failed both to adjudge him a ward of the court and to consider the social investigation as required by law (Ill. Rev. Stat. 1973, ch. 37, par. 705—1). We agree with respondent that the court failed to properly admonish him of the consequences of his admission.

The record reflects that the court was informed that respondent and the two others charged with him wished to enter admissions to the charge of robbery. The trial judge then questioned them to establish

---

[1] As respondent notes in his brief, the dispositional order erroneously reflects that he was committed for the offense of burglary instead of robbery. However, this discrepancy is not urged on appeal, since (1) the sentence for either offense is the same; and (2) respondent was paroled on June 18, 1975.

their ages and to assure that they understood that they were waiving their right to a trial. An attempt was also made to determine whether they understood the alternative dispositions available, as appears from the following colloquy:

"Do each of you understand it is a delinquent Petition, and if you were found to be delinquent by the Court, the Court would have the power to remove you from your homes and place you in a State institution, or we might place you on probation or possibly on supervision, but one of those three things could happen as a result of what you did? Do you understand that?

THE RESPONDENTS: Yes.

THE COURT: All right. Then each of you still wishes to make an admission to what you did, robbery? Chatman first.

THE RESPONDENT CHATMAN: Yes, sir."

Respondent's admission was then accepted, a social investigation ordered, and the matter continued to a date when he was to appear on an unrelated burglary charge. At this burglary trial, held before another judge of the Juvenile Division, respondent's motion for a directed finding of not guilty was granted at the close of the evidence. The court then considered his previous admission to the robbery charge and, after hearing the report of the probation officer, determined that respondent had violated a prior parole and committed him to the Department of Correction, Juvenile Division, on the basis of that admission.

OPINION

The issue of whether a juvenile making an admission must be given the admonitions required in adult criminal proceedings when a guilty plea is entered presents a novel question in Illinois. Our research indicates that it has only been considered in one other State—California—where it was held that the juvenile must be so admonished. (*In re M.* (1970), 11 Cal. App. 3d 741, 96 Cal. Rptr. 887.) Two separate though related issues are involved—(1) whether due process requires that a juvenile be informed of the possible duration of confinement to which he might be subjected; and (2) whether Supreme Court Rule 402 requires that a juvenile be admonished as to the maximum period of confinement provided by law.

Any analysis of the first issue must begin with *In re Gault*, 387 U.S. 1, 18 L. Ed. 2d 527, 87 S.Ct. 1428, in which the United States Supreme Court held that a juvenile is entitled to the essentials of due process in any court proceeding which might result in his detention. Included among those essentials are the privilege against self-incrimination and the right of confrontation.

■■ Subsequent to *Gault,* due process has been held in *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S.Ct. 1709, to require that the court affirmatively acquaint the accused with "what the plea connotes and of its consequence" (395 U.S. 238, 244, 23 L. Ed. 2d 274, 280) before a guilty plea may be accepted. The rationale for this holding is that, because a guilty plea "is more than a confession * * * it is itself a conviction" (395 U.S. 238, 242, 23 L. Ed. 2d 274, 279), the waiver of certain constitutional rights is involved. Among these are the privilege against self-incrimination and the right of confrontation. Moreover, a waiver may not be presumed from a silent record because a guilty plea cannot be voluntary unless it is an intentional relinquishment of a known right. 395 U.S. 238, 243, 23 L. Ed. 2d 274, 279-80.

If an admission in a juvenile proceeding is equivalent to a guilty plea, it is apparent from *Boykin* and *Gault* that due process requires that a juvenile be affirmatively acquainted with the consequences of his admission before it may be accepted by the court.

As noted in *Boykin,* a guilty plea is an admission of all the elements of a criminal charge and cannot be voluntary unless understandingly made. We believe the admission here has the same effect. As stated by the trial court in the instant case:

> "And when you make an admission it is true that you did commit a robbery, and you have given up your right for [*sic*] a trial? Each of you understand that?"

Thus, because an admission in a juvenile proceeding operates as a waiver of the constitutional rights of cross-examination, confrontation and freedom from self-incrimination inherent in the right to a trial, we hold it is equivalent to a plea of guilty and, consequently, that due process requires that the record clearly reflect that the juvenile was adequately advised of the consequences of his admission.

■■ In this regard, we believe that an admonition such as the one involved in the present case which fails to inform the juvenile that he may be incarcerated until he is 21 years of age, does not adequately advise him of the consequences of his admission.[2] Accordingly, our view is that an effective waiver of respondent's due process rights does not affirmatively appear in the record.[3]

---

[2] This result was implicitly reached in *Boykin,* when the court cited with approval a procedure requiring that the accused be told the permissible range of sentences before his guilty plea could be accepted.

[3] The necessity of insuring that the strictest standards are observed in juvenile proceedings where the waiver of fundamental rights are involved is vividly illustrated in this case. After determining to commit the respondent to the Department of Corrections, the following colloquy took place:

Quite apart from the due process holding, we believe also that Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par 402) requires that a juvenile be advised of the maximum period of detention to which he may be subjected as a result of his admission. In pertinent part, Rule 402 provides:

> "In hearings on pleas of guilty, there must be a substantial compliance with the following:
>
> (a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> *    *    *
>
> (2) the minimum and maximum sentence prescribed by law
>
> *    *    *."

The Committee Comments to Rule 402 note that one purpose of Rule 402 was to insure that the *Boykin* requirements that a guilty plea be intelligently and understandingly made were met. Subparagraph 2 of Rule 402, providing that the defendant be informed of the minimum and maximum penalties available, was intended to "give the defendant a more realistic picture of what might happen to him." Ill. Ann. Stat., ch. 110A, §402, Committe Comments (Smith-Hurd 1975 Supp.).

● 4    At first blush, the provisions of Rule 402 requiring that the accused be informed of the maximum sentence provided by law would appear

---

"THE COURT:   *   *   *   I must advise you, if your lawyer did not advise you, that you have a right to appeal the decision of this Court. If you do not have money to retain counsel, the Court will appoint counsel to represent you. On the other hand, if you do not have money to purchase the transcript of the proceedings, and that is what that young lady is typing there, the Court will order it for you free of charge. Do you understand that?
RESPONDENT: Yes.
THE COURT: Do you have any questions? What is your answer?
RESPONDENT: Like you said, if she give the money back, I can get released or something like that?

*    *    *

THE COURT: Do you understand what I said about your rights to appeal, obtaining of the transcript, the record? Did you understand what I told you?
RESPONDENT: No.
THE COURT: You have a right to appeal the case. You have a right to have the transcript. The Court will order it for you, do you understand that? I think I told him in the most simpliest [*sic*] language that I can. If he doesn't understand any further, I will order the Public Defender to take him in the rear or in the detention corridors and explain it to him or right [*sic*] it out to him. Call the next case."

It is apparent that this juvenile had great difficulty in understanding the consequences of the dispositional proceedings. As a result, it would be unjust to assume from a silent record that he adequately understood the consequences of his earlier admission.

to be clearly applicable to a juvenile proceeding because of section 1—2 of the Juvenile Court Act. (Ill. Rev. Stat. 1973, ch. 37, par. 701—2.) This section provides in part:

> "(3) In all procedures under this Act, the following shall apply:
>  a) The procedural rights assured to the minor shall be the rights of adults unless specifically precluded by laws which enhance the protection of such minors."

Thus, because Rule 402 is a procedural right available to adults and is not specifically excluded in its application to juveniles it is indicated that, where pertinent, it must be applied in a juvenile proceeding.

The State, however, strongly argues that Rule 402 is not applicable. It contends that (1) a juvenile proceeding is not criminal in nature, and thus a criminal procedure such as Rule 402 is inapplicable; (2) a juvenile admission is not equivalent to a guilty plea; and (3) Rule 402 was not intended to apply, because many of its provisions are clearly unrelated to a juvenile proceeding. We do not find these contentions to be compelling.

It should be beyond peradventure by now that the traditional "civil" appellation given to juvenile proceedings cannot be used to deny the juvenile procedural rights afforded to adults. (*Gault.*) As noted in *Gault*, "neither the Fourteenth Amendment nor the Bill of Rights is for adults alone." (387 U.S. 1, 13, 18 L. Ed. 2d 527, 538.) This principle has been recognized in Illinois where a proceeding in which the juvenile may be deprived of his liberty is regarded as analogous to a felony prosecution. *In re Urbasek,* 38 Ill. 2d 535, 232 N.E.2d 716.

It is urged, however, that requiring adult procedural safeguards in juvenile proceedings introduces an adversary nature to the hearing that will ultimately erode a primary purpose of the juvenile system—the protection of the minor's interests. This argument was discussed at length in *Gault* and rejected (387 U.S. 1, 14-27, 18 L. Ed. 2d 527, 538-46), with the court concluding, "the features of the juvenile system which its proponents have asserted are of unique benefit will not be impaired by constitutional domestication." (387 U.S. 1, 22, 18 L. Ed. 2d 527, 543.) As noted in *Gault*, it has even been stated that a certain measure of advocacy in juvenile proceedings is beneficial, rather than detrimental, to the interests of minors. (387 U.S. 1, 39, 18 L. Ed. 2d 527, 552, n. 65.) The inadequacy of this "best interests of the juvenile" argument is also explicitly recognized in *In re Winship,* 397 U.S. 358, 365-66, 25 L. Ed. 2d 368, 376, 90 S. Ct. 1068, where it was stated:

> "[C]ivil labels and good intentions do not themselves obviate the need for criminal due process safeguards in juvenile courts * * *."

The argument that an admission in juvenile proceedings is not equivalent to a guilty plea must also be rejected. As previously noted in this opinion, an admission, like a plea of guilty, operates as a waiver of the constitutional rights inherent in the right to a trial. Further, the fact that some of the provisions of Rule 402 do not pertain to a juvenile proceeding [4] does not render inapplicable those provisions which are germane.

■■ Having held that Rule 402 requires that a juvenile be acquainted with the maximum period of detention that may result from his admission, it remains only to determine whether "substantial compliance" with Rule 402 was achieved. As previously noted, the court below admonished respondent only that he might be placed in an institution, put on probation, or put on supervision. Nothing was mentioned about the possible duration of the detention. A failure to admonish the accused of the maximum period of confinement provided by law has been held in adult proceedings not to substantially comply with Rule 402 and to consequently require a reversal. (*People v. Troyan*, 21 Ill. App. 3d 375, 315 N.E.2d 335; *People v. Back*, 18 Ill. App. 3d 746, 310 N.E.2d 420.) Applying this rule, we hold that the failure of the Juvenile Court to admonish respondent of the maximum period of detention which might result from his admission also requires reversal.[5]

In view of this holding, it will not be necessary to consider the other contentions raised by respondent.

The order finding defendant to be delinquent is reversed, and this cause is remanded with directions that respondent be permitted to plead anew.

Reversed and remanded with directions.

BARRETT and DRUCKER, JJ., concur.

---

[4] For instance, the admonitions concerning the minimum sentence and the waiver of the right to a jury trial would not apply in a juvenile proceeding as the duration of the commitment may last until the juvenile is 21 years of age regardless of the nature of the offense (Ill. Rev. Stat. 1973, ch. 37, par. 705—11), and the right to a jury trial has been held to not extend to juvenile proceedings. *McKeiver v. Pennsylvania*, 403 U.S. 528, 29 L. Ed. 2d 647, 91 S. Ct. 1976; *In re Fucini*, 44 Ill. 2d 305, 255 N.E.2d 380.

[5] The following admonition has been recommended by Presiding Judge White, of the Juvenile Court:

"[I]f you admit to this charge, I may find you delinquent, and I have the authority and could commit you to the Juvenile Division of the Department of Corrections, which could place you in a program or institution which it considers proper until you reach the age of 21 years." (General Order of Judge William S. White, Section III, par. 1.)